■  In the Matter of the Claim of LILLIAN WOOD, Respondent, v. JOHN C. MONROE, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from an award in a heart case. The claimant, while working as a secretary on June 6, 1958, pulled open the top drawer of a filing cabinet and in so doing it tipped over, striking her on the chest. There was testimony that the drawer itself was heavy and that the filing cabinet weighed approximately two hundred pounds. It was necessary for her to heave and push the drawer and cabinet to get it back in place. She testified that at the time of the incident she immediately felt a slight pain. One of her coemployees testified to the happening of the accident and that the claimant complained of pain and that her face was " red as a lobster ". The claimant testified that thereafter during the afternoon and evening on several occasions she felt additional pain and upon her arrival home in the evening she suffered severe and terrific pain. She consulted a doctor on June 9 who, after making an examination, ordered her to the hospital where she remained for approximately eight weeks. The doctor found that she was suffering from myocardial infarction due to coronary insufficiency. This doctor stated that he did not know whether the injury was of sufficient force to result in the cardiac condition but said that injuries to the chest wall and sudden exertions have precipitated myocardial injury and would not deny such possibility. In December the claimant was attended by a Dr. Stricker who stated as follows: " Q. Doctor, did you feel that the condition which you found was the result of the history which we described to you, of exertion, and so forth? A. I did feel this was a competent cause of her injury. Q. You thought that was related? A. Yes this is the reason why I filed this form." She further stated that she felt the episode in connection with the filing cabinet was the cause of the coronary insufficiency. Another doctor testified that in his opinion he did not think the blow to the chest was sufficient to cause a coronary condition and that the coronary did not occur until later in the day and after she had finished her employment and was in no way associated with the contusions to the chest. The board found that the pushing of the drawer with the immediate pain was sufficient strain and exertion to have caused the coronary condition and we think the evidence justifies such findings. There was testimony that the drawer itself weighed approximately 70 or 80 pounds, that it fell directly on the chest of the claimant, that it required considerable effort and exertion on her part to push it back and that it was an unusual effort on her part. The medical testimony, while disputed, is sufficient to support such a finding. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.